**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UMIDZHON DADABAEV | CIVIL ACTION NO. 26-0820 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| ELEAZAR GARCIA, ET AL. | MAGISTRATE JUDGE LEBLANC |

## MEMORANDUM RULING

Umidzhon Dadabaev ("Dadabaev"), a citizen of Kyrgyzstan in the custody of the Department of Homeland Security ("DHS"), did not like the result of his bond hearing before an immigration judge. So, he filed a habeas petition. Dadabaev carefully couched his habeas arguments as due process claims. But really, Dadabaev raises a sufficiency of the evidence challenge to the immigration judge's decision, claiming that the immigration judge could not have found that Dadabaev presented a flight risk considering Dadabaev's competing evidence. Federal courts do not have jurisdiction to hear such challenges. 8 U.S.C. § 1226(e) prohibits federal courts from reviewing an immigration judge's bond rulings, and thus, the undersigned declines to adopt the Report and Recommendation and dismisses with prejudice Dadabaev's habeas petition.

### Background

Dadabaev entered the United States in 2014 as a nonimmigrant visitor for pleasure with authorization to remain for a limited period. Record Document 15-1 at 1. But Dadabaev did not leave, as he should have, and instead remained in the United

States unlawfully. *See id.* After being issued a Notice to Appear, Dadabaev appeared before an immigration judge on December 15, 2023 who ordered him removed to his home country of Kyrgyzstan. *Id.* at 2. Dadabaev appealed his removal order to the Board of Immigration Appeals ("BIA"). *Id.*

Despite facing a removal order, Dadabaev still did not leave the United States, and state police encountered him on February 4, 2026 during a commercial vehicle inspection. Record Document 2 at 4. Because of his pending removal order, DHS took Dadabaev into custody. Record Document 15-1 at 2.

About a week later, Dadabaev asked for a bond hearing and got one. Record Document 15-4 at 1. On February 17, 2026, Dadabaev appeared through counsel before an immigration judge, and the immigration judge heard oral arguments from Dadabaev's counsel about the "equities" in favor of releasing Dadabaev. *Id.* at 2. By his own admission, Dadabaev also had the opportunity to submit evidence in support of release. Record Document 2 at 5. Dadabaev presented more than 600 pages of evidence supporting release. *Id.* Ultimately, though, the immigration judge denied Dadabaev's bail and found he presented a risk of flight. Record Document 15-4 at 2. The immigration judge reasoned that Dadabaev faced an order of removal, had an appeal pending before the BIA, and had "no incentive to appear in the future" because he "had no future court dates, [and] no other relief available to him[.]" *Id.*

To challenge the immigration judge's bond ruling, Dadabaev petitioned this court for a writ of habeas corpus. *See generally* Record Document 2. After considering the habeas petition, the Magistrate Judge issued a Report and Recommendation,

granting release. Record Document 25 at 1. The Report and Recommendation found, as a preliminary matter, § 1226(e) does not bar jurisdiction because Dadabaev raised a constitutional due process claim. Record Document 25 at 6. The federal respondents have objected to this jurisdictional finding. Record Document 27 at 2-4.

**Analysis**

A specific objection to a report and recommendation triggers de novo review. 28 U.S.C. § 636(b)(1) ("A [district] judge of the court shall make a de novo determination of those portions of the report…to which objection is made."). Under de novo review, the district judge examines the entire record and reaches his own legal conclusions. *See, e.g.*, *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996). Here, the federal respondents made a specific objection to the Report and Recommendation's jurisdictional finding that § 1226(e) did not bar review of the immigration judge's bond determination. Record Document 27 at 2. Thus, de novo review applies.

The United States Congress enacted 8 U.S.C. § 1226(e) and stripped federal courts of jurisdiction to revisit the discretionary bond decisions of an immigration judge. That statute provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

This district court held the same and more than once. *See, e.g.*, *Mol v. Garcia*, No. 25-2023, 2026 WL 1239308, at *2 (W.D. La. Apr. 20, 2026), *report and recommendation*

*adopted*, 2026 WL 1233408 (W.D. La. May 5, 2026) (citing § 1226(e) and holding "[t]he immigration judge's finding that [petitioner] is a danger to the community is not reviewable in federal court."); *Shcherbinin v. Rice*, No. 25-1496, 2025 WL 3687739, at *2 (W.D. La. Dec. 9, 2025), *report and recommendation adopted*, 2025 WL 3698403 (W.D. La. Dec. 19, 2025) ("[Petitioner] did not convince the immigration judge that he was no danger to the community, so the judge denied release[.] The Court lacks authority to review this discretionary decision.").

The United States Supreme Court limited the application of § 1226(e). But it did so carefully. In *Jennings v. Rodriguez*, 583 U.S. 281 (2018), the Supreme Court held that the statute "does not preclude challenges to the statutory framework that permits the alien's detention without bail." *Id.* at 295. But *Jennings* also made clear that "…§ 1226(e) precludes an alien from challenging a discretionary judgment by the Attorney General or a decision that the Attorney General has made regarding his detention or release." *Id.* The Supreme Court ultimately found that § 1226(e) did not apply to the challenge before it because the petitioners were "challenging the extent of the Government's detention authority under the statutory framework as a whole…[and were] contesting the constitutionality of the entire statutory scheme under the Fifth Amendment." *Id.* at 296.

Dadabaev argued, and the Report and Recommendation found, that he raised a constitutional challenge to his bond hearing. Record Document 25 at 6-7; Record Document 28 at 2. Although Dadabaev couched his claims as constitutional ones, in effect, Dadabaev really challenged the immigration judge's use of discretion rather

than the statutory framework of § 1226(e). Dadabaev did not argue, unlike the petitioners in *Jennings*, that DHS had no authority to detain him without a bond hearing. *See* 583 U.S. at 833 ("[Petitioner] filed a habeas petition, claiming that he was entitled to a bond hearing to determine whether his continued detention was justified."). Instead, Dadabaev contends that the immigration judge could not have found Dadabaev constituted a flight risk because DHS provided no evidence, Dadabaev presented arguments and 600 pages of evidence, and the pendency of an appeal before the BIA was not enough. *See* Record Document 2 at 5. Regardless of how Dadabaev characterizes his arguments, they amount to a sufficiency of the evidence challenge and a challenge to the immigration judge's discretion.

Dadabaev can still contest the immigration judge's decision, but he must use the forum Congress provided. 8 CFR § 1003.19 states: "[a]n appeal from the determination by an Immigration Judge may be taken to the Board of Immigration Appeals[.]" For his part, Dadabaev has already filed an appeal with the BIA, which remains pending. *See* Record Document 28 at 1. If the immigration judge erred in finding that Dadabaev presented a flight risk, that decision is one for the BIA because § 1226(e) bars this Court's jurisdiction for reconsidering the denial of Dadabaev's bond request.

**DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE