**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| UMIDZHON DADABAEV | CIVIL ACTION NO. 26-0820 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| ELEAZAR GARCIA, ET AL. | MAGISTRATE JUDGE LEBLANC |

# MEMORANDUM RULING

Umidzhon Dadabaev ("Petitioner") filed a motion for reconsideration of judgment denying habeas petition. Record Document 32. Federal Respondents filed an opposition, Record Document 35, and Petitioner filed a reply, Record Document 36. For the following reasons, the motion is **DENIED**.

## Background

In 2014, Petitioner entered the United States as a nonimmigrant B-2 visitor but failed to leave after the expiration of his visa. Record Document 15-1 at 1. After being issued a Notice to Appear, Petitioner appeared before an immigration judge who ordered him removed to his home country of Kyrgyzstan. *Id.* at 2. He appealed the removal order to the Board of Immigration Appeals ("BIA"). *Id.* Based on the current docket, that appeal remains pending.

Because of his pending removal order, the U.S. Department of Homeland Security ("DHS") took custody of Petitioner on February 4, 2026 following a commercial vehicle inspection by the state police. Record Document 15-1 at 2. Petitioner requested a bond hearing, and on February 17, 2026, he appeared through

counsel before an immigration judge. Record Document 15-4 at 1. The immigration judge denied Petitioner's bail, finding that he posed a flight risk. *Id.* at 2.

Petitioner challenged the immigration judge's bond ruling in a habeas petition. *See generally* Record Document 2. The Magistrate Judge issued a Report and Recommendation ("R&R") granting release after finding that 8 U.S.C. § 1226(e) did not bar jurisdiction. Record Document 25 at 1, 6. The undersigned sustained objections to the R&R, finding that § 1226(e) prohibits judicial review of an immigration judge's bond rulings. Record Document 30 at 1.

**Analysis**

Petitioner filed this motion for reconsideration under Federal Rule of Civil Procedure 59(e). Record Document 32 at 1. He seeks reconsideration "to correct clear error or prevent manifest injustice." Record Document 36 at 4; *see in re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002) (holding that "the need to correct a clear error of law or prevent manifest injustice" is a ground for granting a motion for reconsideration under Rule 59(e)).

To support his motion, Petitioner argues that the court did not consider all the arguments that he raised in his original petition and proposed amended petition. Record Document 32 at 1. Specifically, he points to his claims that (1) ICE's initial detention without an individualized custody determination violated his due process rights under the Fifth Amendment, the Administrative Protection Act ("APA"), and the *Accardi* Doctrine; (2) his warrantless detention violated the Fourth Amendment

and 8 U.S.C. § 1357(a)(2); and (3) his detention is prolonged. *Id.* at 1-2. The Court addresses each argument below.

First, Petitioner's claim that his initial detention violated the Fifth Amendment's Due Process Clause is moot because Petitioner has already received an individualized custody determination through his earlier bond hearing. *See, e.g.*, *Sandoval Rocha v. Noem*, No. 25-6032, 2026 WL 1806751, at *1 (S.D. Tex. June 23, 2026) ("Because Petitioner has been provided a bond hearing, his claim that his detention without a bond hearing violates due process is moot."); *Aman v. Mullin*, No. 26-1551, 2026 WL 2279448, at *1-2 (W.D. La. July 22, 2026), *report and recommendation adopted*, 2026 WL 2275026 (W.D. La. Aug. 6, 2026) (finding claims that detention without notice or a custody determination are moot after the petitioner received a bond hearing).

Even if Petitioner had not received a bond hearing, his detention still would not have violated the Due Process Clause. When a petitioner overstays his visa, he no longer has permission to remain in the United States, and therefore, "does not have a constitutionally protected liberty interest [under the Fifth Amendment] in his release." *Aman*, 2026 WL 2279448, at *3. Here, Petitioner entered the United States on August 18, 2014. Record Document 15-1 at 1. He was admitted on a nonimmigrant B-2 visa, but it expired on February 17, 2015. *Id.* He was encountered again on April 26, 2019 and served a Notice to Appear. Record Document 2-7 at 80. At that time, Petitioner's visa had expired so he no longer had permission to remain in the United States. The Court finds, therefore, that Petitioner did not have a liberty interest in

his release. Accordingly, Petitioner's initial detention does not violate the Fifth Amendment's Due Process Clause.

Second, Petitioner sought habeas relief under the APA to remedy what he characterized as unlawful agency conduct. Record Document 2 at 52-53. But this claim fails because, in asserting an APA claim through the habeas petition, Petitioner acknowledges that he has an "adequate remedy in a court." 5 U.S.C. § 704. Another district court explained that the APA authorizes judicial review of an agency action only when "there is no other adequate remedy in a court[.]" *Chi v. Warden, Bluebonnet Det. Facility*, No. 26-067, 2026 WL 1062625, at *5 (N.D. Tex. Apr. 13, 2026). In asserting an APA claim as part of the habeas petition, that court reasoned the petitioner "unwittingly admits that there is, in fact, an adequate remedy outside of the APA." *Id.* Here too, Petitioner has an adequate remedy outside the APA in the form of this habeas action where he sought relief from DHS's alleged constitutional and statutory violations. Therefore, Petitioner's APA claim has no merit.

Third, Petitioner argued a claim under *Accardi* based on Respondents' failure to adhere to agency policies when they detained him without "a probable cause determination or similar sort of individualized assessment," Record Document 2 at 40, but *Accardi* does not afford Petitioner relief for what is essentially a challenge to his arrest. The *Accardi* Doctrine established "the unremarkable proposition that an agency must abide by its own regulations." *Richardson v. Joslin*, 501 F.3d 415, 418 (5th Cir. 2007); *see United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954). An administrative decision may be invalidated for failure to provide procedural

safeguards outlined in regulations. *Richardson*, 501 F.3d at 418. In the context of *Accardi* claims, another district court determined, and more than once, "that claims as to lawfulness of arrest fail because an illegal arrest has no bearing on the legality of detention following arrest." *See e.g.*, *Sandoval Salmeron v. Bradford*, No. 26-3918, 2026 WL 1539261, at *3 (S.D. Tex. June 1, 2026); *Carnesolta v. Tate*, No. 26-1006, 2026 WL 948727, at *3-4 (S.D. Tex. Apr. 8, 2026). In *I.N.S. v. Lopez-Mendoza*, the Supreme Court of the United States held that "the mere fact of an illegal arrest has no bearing on a subsequent deportation proceeding." 468 U.S. 1032, 1040 (1984). In questioning whether Respondents had a probable cause determination to detain him, Petitioner in effect brings a claim as to the lawfulness of his arrest. Thus, habeas provides no relief for Petitioner's claim under *Accardi*.

Petitioner's fourth claim, that his unlawful arrest violated the Fourth Amendment and 8 U.S.C. § 1357(a)(2), fares no better. This district court has found that it lacks jurisdiction under 8 U.S.C. § 1252(g) over such claims. *Gonzalez-Benitez v. Acuna, et al.* No. 26-1616, 2026 WL 2529511, at *6 (W.D. La. Aug. 4, 2026), *report and recommendation adopted*, 2026 WL 2523201 (W.D. La. Aug. 26, 2026). But even assuming jurisdiction exists, release is not the remedy for an unlawful arrest. Suppression of evidence, not release, is the proper remedy for an unlawful arrest. *See Lopez-Mendoza*, 468 U.S. at 1039; *e.g.*, *Ramirez-Mendez v. Olson, et al.*, No. 26-17, 2026 WL 907576, at *2 (E.D. Ky. Apr. 2, 2026) ("[T]he Court need not address the substantive issue of whether Petitioner's Fourth Amendment rights were violated because even if they were, he is not entitled to habeas relief on that basis.").

Therefore, Petitioner's unlawful arrest claim under the Fourth Amendment and 8 U.S.C. § 1357(a)(2) has no merit.

Finally, Petitioner asserted that his continued detention violates *Zadvydas v. Davis*, 533 U.S. 678 (2001) because it is prolonged and indefinite, Record Document 22 at 1, but this claim has no merit. In *Zadvydas*, the Supreme Court held that post-removal detention must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." 533 U.S. at 689. But a *Zadvydas* claim is premature prior to a final order of removal, which is not administratively final until after the appeal. *See Lopez Acosta v. Rosen*, No. 19-60871, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of removal ...."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board."). Here, based on the record available, Petitioner is not entitled to relief under *Zadvydas* because his removal order remains pending before the BIA.

Regardless, prolonged detention without more is not enough for habeas relief. *See Sandoval Rocha*, 2026 WL 1806751, at *1 (finding claims that "prolonged detention itself violates due process" have no merit.). Although Petitioner argues that his detention is prolonged and indefinite, the Supreme Court has recognized that "detention during deportation proceedings [is] a constitutionally valid aspect of the deportation process." *Demore v. Kim*, 538 U.S. 510, 523 (2003). Petitioner's detention is not indefinite. At present, he is detained while his removal order is pending before

the BIA and until the outcome of his removal proceeding. *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018). Therefore, his claim of unconstitutional detention fails.

**Conclusion**

Considering the foregoing, the Petitioner's motion for reconsideration of judgment, Record Document 32, is **DENIED**. An order consistent with the terms of this memorandum ruling shall issue herewith.

**DONE AND SIGNED** at Shreveport, Louisiana, this 9th day of November, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE